OCTOBER AND NOVEMBER TERM, 1881, No. 123.

## Appeal of James H. Bell.

Where the assignee of an instalment, payable under a mortgage, has a guarantee from his assignor, the mortgagee, of its payment at maturity, and he assigns the instalment, and his assignee agrees with him, in the interest of the mortgagee, that the instalment shall be postponed to subsequent instalments, the effect of this agreement is to release the mortgagee from the guarantee.

APPEAL of James H. Bell from the decree of the Court of Common Pleas of *Armstrong County*, making distribution of the proceeds of the sheriff sale of the real estate of P. L. Hall.

*Scire facias sur* mortgage given by the said P. L. Hall to Ezekiel Gordon, dated April 2d, 1873, and recorded the same day.

The facts as found by the auditor appointed to make distribution of the fund in Court, and by the Court below, BREDIN, J., were as follows:

The above mortgage was payable in seven instalments, the interest to be paid annually upon the whole sum unpaid.

| | | | | |
|---|---|---|---|---|
| 1st instalment, | $1435.72, | due April 1st, | '74. |
| 2d " | 1435.72, | " | '75. |
| 3d " | 785.72, | " | '76. |
| 4th " | 785.72, | " | '77. |
| 5th " | 785.72, | " | '78. |
| 6th " | 785.72, | " | '79. |
| 7th " | 785.72, | " | '80. |

Upon the day of the execution of the mortgage, the mortgagee, Gordon, assigned to John Gilpin $1154.91 of the instalment falling due April 1st, 1874, and a like portion of the bond, and guaranteed the payment of the instalment at maturity. This assignment was recorded the same day.

August 7th, 1873, Gordon assigned to Gilpin the whole of the residue of this instalment and the interest, and guaranteed that said instalment and interest would be paid on the 2d of April then next. The assignment was recorded the same day.

On the 20th of April, 1874, Gilpin executed a receipt to James H. Bell for $1848.72, " the first instalment of this mortgage and the interest due the second instant," and assigned " the said instalment and interest " to Bell. This instrument was recorded the same day. Contemporaneously Bell executed the following paper:

" Whereas John Gilpin has this day assigned to me the first instalment of said mortgage and the interest due upon the mortgage debt up until the 2d inst. Now this writing

[Appeal of James H. Bell.]

witnesseth that in consideration thereof I do agree and consent that the said instalment and interest shall be postponed to the instalments which shall fall due prior to the 3d day of April, '76. Witness my hand and seal this 20th day of April, '74."

On the 22d of January, 1874, Gordon assigned to John H. Hare, in trust for the firm of Hare & Son, $500 of the second instalment of the mortgage, payable April 1st, 1875, by an instrument recorded the same day. This portion of the second instalment was subsequently assigned by Hare to James H. Bell.

On the 28th of May, 1874, Gordon assigned to G. C. Orr the balance of the instalment due April 1st, 1875, being $935.72, and the instalment due April 1st, 1876, being $785.82, together with all the interest on the whole amount unpaid up to April 1st, 1876, and guaranteed payment of the same. This assignment was recorded the same day.

On the 10th of April, 1875, Gordon transferred to Orr the instalment due April 1st, 1877, with the interest on the whole sum then due and payable, and guaranteed the payment.

Judgment was obtained upon the *scire facias* issued on the mortgage June 20th, 1877, and under a *levari facias* the sheriff sold the real estate to Bell, September, 3d, 1877, for $6000.

Pending these proceedings, Gordon, July 11th, 1877, assigned to Orr, for the better securing the payment to him of the full amount previously assigned, " all the rest and residue of the said mortgage not held or assigned, . . . . . the surplus thereof, after sale of the property, if any, to be paid to me."

The fund in Court for distribution after payment of the costs, etc., was $5568.73. The auditor made a *pro rata* distribution among all of the instalments.

Upon exceptions to this distribution being filed, the Court found, *inter alia*, as follows :

" Bell, owner of first instalment and of interest due April, '74, claims priority of payment over the other instalments, because said instalment and interest was assigned to Gilpin, his assignor, and payment thereof guaranteed by the mortgagee, of which assignment and guarantee Orr had notice on the record before his purchase of the second and third instalments, and as sustaining this position quotes Erb's Appeal, 2 Penna. Rep., 296 ; Himes *v.* Barnitz, 8 Watts, 39, and Datesman's Appeal, 27 P. F. Smith, 243. He claims that Gordon being a guarantor of the amount now owed by Bell, it is against equity for him or Orr, his subsequent assignee

with notice, to take out of Court money realized on the judgment while any part of the first instalment and interest due so guaranteed remains unpaid, alleging the insolvency of Gordon.   On the question of Gordon's insolvency, the auditor refused to hear proof.   If we took the view entertained by Bell, we would require proof of the insolvency of both Gordon and Hall.   A guarantor agrees to pay if the debtor cannot, a surety if the debtor does not.   " A contract of suretyship being a direct liability to the creditor for the act to be performed by the debtor, a guarantee being a liability only for his ability to perform this·act."

Reigart *v.* White, 2 P. F. Smith, 440.   A guarantee of payment at maturity of a debt is an agreement to pay if the debtor does not; it is a direct liability and rather an undertaking of suretyship than of technical strict guarantee.   See same case, page 441.

If, therefore, Gilpin was the owner of the first instalment and interest, having made no surrender of his rights either against the mortgagor or mortgagee, we think the equity claimed might be successful.   As it is, however, the arrangement between Gilpin and Bell has entirely changed the position of the parties, and instead of the first instalment being entitled to priority, it is postponed to the second and third instalments.   This arrangement was evidently made for the benefit of the mortgagee, as Mr. Gilpin had no further interest in the mortgage ; its effect was to release Gordon from his guarantee altogether, and to postpone the first so as to enable Gordon to make advantageous sales of the second and third instalments.   If Gordon had been absolutely bound as a surety on the record, such an arrangement would have released him, which position we think so plain as to require no citation of authorities.

Hall was no doubt the person who procured Bell to pay and take the assignment from Gilpin, and Gilpin·acted for the benefit of his guarantor.   The effect of this, as Gordon must accept it *cum onere*, is to give Hare & Son a priority also.

We therefore hold that the fund must be applied first to pay the second and third instalments, and the balance be distributed *pro rata*.

The Court decreed distribution:

| To G. C. Orr, of 2d instalment, | . | . | . | . | . | . $1073.40 |
|---|---|---|---|---|---|---|
| "        "        3d        " | . | . | . | . | . | . 853.61 |
| "        "        4th        " | . | . | . | . | . | . 805.87 |
| "        "        interest assigned, | . | . | . | . | . | . 755.33 |
| Total to Grier C. Orr, Esq., | . | . | . | | . | . $3488.21 |

[Appeal of James H. Bell.]

| | |
|---|---:|
| Being full amount assigned him and interest, . . . | $3488.21 |
| To S. Hare & Son, of 2d instalment, . . . . . | 573.57 |
| (Now for use of J. H. Bell) being in full of assignment, . | ——— |
| To J. H. Bell, as assignee of 1st instalment, . . . | ——— |
| And of first year's interest, pro rata, 50$\frac{1}{12}$ per cent., . . | 1074.81 |
| To E. Gordon, plaintiff, on 5th, 6th, and 7th instalments, . | 432.14 |
| Total fund distributed, . . . . . . | $5568.73 |

From this decree James H. Bell appealed, assigning as errors the above findings and the distribution.

*W. D. Patton* for appellant.

When Gordon, the mortgagee, assigned the first instalment and interest, with a guarantee that it would be paid at maturity, it would be against equity to allow him to take the money out of court and thus defeat his own guarantee. Gordon was allowed to participate in the fund to the extent of $432.14: Datesman's Appeal, 27 P. F. Smith, 248 ; Erb's Appeal, 2 P. & W., 299.

Orr had no superior equity to Gordon : Himes *v.* Barnitz, 8 Watts, 39. He had notice.

The undertaking of Gordon was that of a surety : Campbell *v.* Baker, 10 Wr., 243 ; Reigart *v.* White, 2 P. F. Smith, 440.

*J. Gilpin* for the appellees.

Appellant urges that inasmuch as Gordon guaranteed the payment of the first instalment to Gilpin, the guarantee became an incident, though not expressed, of Gilpin's assignment to Bell. The form of the receipt or assignment given by Gilpin expressly shows that the position of Bell was that of payer merely, doubtless acting for Hall, and making the payment after maturity of the instalment. As between Bell and Gordon it was an actual payment and liquidation of the first instalment, and no implication or legal deduction can be drawn that the guarantee of Gordon to Gilpin would pass and enure to the benefit of Bell as against Gordon.

It is clear that this is not of the character of cases where the payment to Gordon or his assignee would be interfered with or restrained. If the first assignee is not fully paid, he has his remedy on the guarantee : Hancock's Appeal, 10 Casey, 156 ; Donley *v.* Hays, 17 S. & R., 400 ; Moore's Appeal, 11 Norris, 309.

NOVEMBER 7TH, 1881.—PER CURIAM : This decree is affirmed upon the opinion of the learned judge in the Court below.

Decree affirmed and appeal dismissed at the costs of the appellant.